IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A BLUE APPLE IPHONE 17 PROMAX, CURRENTLY LOCATED AT US PROBATION LOCATED AT 400 CONGRESS STREET, 5TH FLOOR, PORTLAND, ME. | Case No. 2:26-mj-00318-KFW |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE**

I, Christopher Concannon, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the seizure and examination of property—an electronic device—which is currently in the U.S. Probation Office's possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I have been a Special Agent with ATF for approximately 21 years. As a Special Agent with ATF, I am authorized to investigate violations of the laws of the United States, and I have been involved with numerous criminal investigations involving violations of federal law. I am a law enforcement officer with authority to execute arrest and search warrants under the authority of the United States. *See* 18 U.S.C. § 3051.

3. As an ATF Special Agent, I have completed the Criminal Investigator Training Program and ATF Special Agent Basic Training at the Federal Law Enforcement Training Center in Glynco, Georgia, where I received training in the investigation of federal crimes involving firearms, narcotics, arson and explosives. I am currently assigned to the ATF Boston Field Division – Portland Field Office. I have participated in numerous arrest and seizure warrants involving a variety of offenses, including violations pertaining to firearms investigations.

4. I have personally reviewed records and documentation, observed related videos and photographs and have had conversations with other law enforcement personnel in regard to the offenses referred to below. I am familiar with the facts and circumstances of this investigation. This affidavit is intended to show that there is sufficient probable cause for the requested warrant.

**IDENTIFICATION OF THE DEVICE TO BE EXAMINED**

5. The property to be searched is a blue Apple iPhone 17 ProMax, serial number K6K3YXJ266, hereinafter the "Device." The Device is currently located at the United States Probation Office in Portland, Maine. Pictures of the Device are below.



6. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

7. ATF is investigating Jason Morrill for possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The investigation is based on findings made by the United States Probation Office.

8. On June 30, 2021, Morrill pleaded guilty to one count of possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), in the United States District Court for the District of Maine.

9. On November 18, 2021, Morrill was sentenced to a 66-month term of imprisonment to be followed by a four-year term of supervised release.

10. A special condition of Morrill's supervised release was that he "shall not own or possess any firearm or other dangerous weapon, or knowingly be at any time in the company of anyone known by the defendant to possess a firearm or other dangerous weapon."

11. A special condition of Morrill's supervised release provided that "[a] United States probation officer may conduct a search of the defendant and of anything the defendant owns, uses, or possesses if the officer reasonably suspects that the defendant has violated a condition of supervised release and reasonably suspects that evidence of the violation will be found in the areas to be searched."

12. On October 16, 2026, U.S. Probation Officer Travis Bennett advised that a witness contacted the Portland Police Department after receiving a video from Morrill. Officer Bennett received a copy of the video and shared it with me. The video shows Morrill handling an apparent revolver style firearm, placing one apparent bullet in the chamber, and then placing it to his temple before pulling the trigger multiple times. I reviewed the video and concluded that the apparent firearm was consistent with a Crosman SNR357 CO2 revolver and not a firearm. The CO2 revolver is described online as "a realistic dual ammo air pistol" that has the ability to fire .177 caliber pellets and BBs. Still frames from the video are inserted below.



13. On October 16, 2026, Officer Bennett searched Morrill's cell phone, the Device, pursuant to the conditions of Morrill's supervised release. The phone contained two videos that showed someone handling a firearm. The first video (Video 1) showed a location of "Oxford" and a date/time of "May 22 4:22 pm." The video depicts the left

hand of someone in a vehicle holding and manipulating an apparent firearm. (Jason Morrill is left-handed; he has lost his right hand.) A still image from Video 1 appears below.




14. The second video (Video 2), showed a location of "Mechanic Falls" and a date/time of "Wednesday 12:52 PM." Video 2 shows a left hand holding and manipulating what I recognized to be a Kriss model Vector firearm. The camera then pans to show the face of a person I recognize to be Morrill. Morrill is in the passenger seat of a vehicle wearing a camouflage jacket and hat. Still frames from the video appear below.



15. Officer Bennett interviewed Morrill's girlfriend, Jennifer Miller. Miller said that she had purchased a Kriss Vector firearm from her son and that she and Morrill went to Coastal Trading and Pawn in Auburn where she pawned the firearm on Wednesday, October 14, 2026.

16. I obtained surveillance from Coastal Trading and Pawn that shows Morrill and Miller inside the store on October 14, 2026. Morrill is wearing a camouflage jacket,

hat and sunglasses. Miller presents the store clerk with a firearm that appears to be a Kriss Vector firearm. A still frame from one of the videos is below.




17. I obtained from Coastal Trading & Pawn a copy of a ticket showing that, on Wednesday, October 14, 2026 at 1:15 PM, Jennifer Miller pawned a Kriss branded, Vector SDP firearm with serial number 40P001187. I took possession of the firearm from Coast Trading & Pawn.

18. Based on the foregoing, I believe the video of Morrill handling a firearm on "Wednesday" at 12:52 pm was a video he took of himself handling the Kriss Vector SDP firearm in the passenger seat of Miller's car en route to Coastal Trading & Pawn, where Miller pawned the firearm.

19. ATF special agent Justin Blais examined the firearm and determined that it was manufactured in Virginia.

20. In addition to having a felony federal conviction for possession with intent to distribute fentanyl, Morrill was also convicted in 2013 with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 21 months in prison.

21. The Device is currently in the lawful possession of the United States Probation Office.

**ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

22. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

23. *Forensic evidence*. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how the device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

24. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium,

that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

25. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Christopher Concannon
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedures

Date: Oct 28 2026

City and state: Portland, Maine

*Judge's signature*

Karen Frink Wolf, U.S. Magistrate Judge
*Printed name and title*